UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HOISTING WIRE ROPE & SLING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-61 |
| | § | |
| ACCU-TECH COMPUTER SERVICES, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff Hoisting Wire Rope & Sling, LLC ("Plaintiff") filed this civil action against Defendants Accu-Tech Computer Services and Accu-Tech, Inc. (collectively "Defendants"). The case has been referred to the undersigned Magistrate Judge for case management pursuant to 28 U.S.C. § 636. (D.E. 29). Pending are the parties' briefs on the issue of choice of law, filed pursuant to instructions given by the undersigned on November 15, 2017. (D.E. 38 and D.E. 39). The undersigned recommends **LOUISIANA** law applies to Plaintiff's claims for breach of contract and breach of warranties, and **TEXAS** law applies to Plaintiff's tort and statutory claims.

### I. **JURISDICTION**

Jurisdiction is proper in this Court because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

## II. PROCEDURAL BACKGROUND

Plaintiff originally filed this case on January 18, 2016 in the 148th District Court of Nueces County, Texas. (D.E. 1-4). On February 23, 2016, Defendants removed the case on diversity grounds pursuant to 28 U.S.C. §§ 1441(a) and 1332(a). (D.E. 1). On September 25, 2017, Plaintiff filed an amended complaint (D.E. 32) to which Defendants filed an answer on November 14, 2017 (D.E. 36). The final pretrial conference is set for February 2, 2018. (D.E. 21, Page 2). Trial is set for February 12, 2018 (D.E. 21, Page 1).

Following a status conference before the undersigned on November 15, 2017 (D.E. 37), the parties were ordered to brief the choice of law issue. Plaintiff asserts Texas law applies to all of Plaintiff's claims. (D.E. 38). Defendants assert Louisiana law applies. (D.E. 39).

## III. APPLICABLE LEGAL STANDARDS

A federal court exercising diversity jurisdiction applies the choice of law rules of the forum state. *Mayo v. Hartford Life Ins. Co.,* 354 F.3d 400, 403 (5th Cir. 2004). Because this is a diversity case, the forum state of Texas provides the law that determines whether Texas or Louisiana law applies to the claims in this action.

Texas choice of law principles give effect to contractual choice of law provisions if the law selected has a reasonable relationship with the parties and the chosen state, and the law of the chosen state is not contrary to a fundamental policy of the state. *Caton v. Leach Corp.,* 896 F.2d 939, 942 (5th Cir. 1990); *see also Exxon Mobil Corp. v. Drennen,* 452 S.W.3d 319, 324 (Tex. 2014), *reh'g denied* (Feb. 27, 2015) (noting that Texas law

recognizes the "party autonomy rule" whereby parties can agree to be governed by the law of another state).

Although the default position in Texas courts is that choice of law provisions are enforceable, it is not uncommon for a party to overcome them. *Cardoni v. Prosperity Bank,* 805 F.3d 573, 581 (5th Cir. 2015). A choice of law provision may be found unenforceable if a party satisfies the standards in § 187(2) of the Restatement (Second) of Conflict of Laws, which provides that:

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied ... unless either
>
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement § 187(2); *Cardoni,* 805 F.3d at 581 (citing *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 677 (Tex. 1990)).

Where the parties have not agreed to the application of law to a particular substantive issue, or either § 187(2)(a) or (b) renders the parties' choice of law provision unenforceable, Texas courts will apply the law of the state with the most significant relationship with the particular issue to resolve that issue. *See Benchmark Elecs., Inc. v. J'M. Huber Corp.*, 343 F.3d 719, 727 (5th Cir. 2003). This "most significant relationship" determination is made based upon a series of factors listed in various sections of the Restatement of Conflict of Laws, depending on the type of dispute. Of

relevance in this case are § 145, governing issues in tort; § 148, governing fraud and misrepresentation; and § 188, governing contract disputes. All of these sections incorporate the following basic choice of law principles in § 6 of the Restatement as the starting point for the choice of law analysis:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6(2) (1971).

## IV. DISCUSSION

### A. The parties' narrow choice of law provision does not apply to all of Plaintiff's claims.

The parties' contract provides that the "agreement shall be interpreted in accordance with the laws of the State of Louisiana." (D.E. 32, Page 23). Plaintiff's claims include fraud, fraudulent inducement, fraudulent misrepresentation, fraudulent concealment, breach of contract, and breach of warranties (D.E. 32, Page 6); theft, conversion, and intentional tort (D.E. 32, Page 8); and violations of the Texas Deceptive Trade Practices Act ("DTPA") (D.E. 32, Page 8). Plaintiff argues Texas law applies to all claims, while Defendants argue Louisiana law applies to all claims. (D.E. 38 and D.E. 39).

The parties' choice of law provision is framed narrowly that the agreement be interpreted in accordance with Louisiana law. As such, it is not written to address the

rights and duties of all claims arising out of or related to the contract. The Fifth Circuit and Texas courts have held that similarly worded choice of law clauses do not address the entirety of the parties' relationship. *See, e.g., Caton*, 896 F.2d at 943 (finding "[t]his Agreement shall be construed under the laws of the State of California" was a narrow choice of law clause and did not apply to tort claims of good faith and fair dealing); *Benchmark*, 343 F.3d at 726 ("Agreement shall be governed by, and construed in accordance with, the internal laws of the State of New York" was a narrow choice of law clause that only dealt with the construction of the contract, not with plaintiff's claims of fraud and negligent misrepresentation); *Stier v. Reading & Bates Corp.*, 992 S.W.2d 423, 433 (Tex. 1999) (choice of law provision stating "This agreement shall be interpreted and enforced in accordance with the laws of the State of Texas" did not apply to plaintiff's personal injury claims, which did "not rise or fall on the 'interpret[ation] and enforce[ment]' of any contractual provision"); *Thompson & Wallace of Memphis, Inc. v. Falconwood Corp.*, 100 F.3d 429, 433 (5th Cir. 1996) (citing *Busse v. Pacific Cattle Feeding Fund # 1, Ltd.,* 896 S.W.2d 807, 812-13 (Tex. App. – Texarkana 1995, writ denied) (narrow provision did not apply to claims – including those brought under the Texas Deceptive Trade Practices Act, the Texas Securities Act, and the common law – that did not implicate construction of the rights and liabilities of the parties under the contract)).

Because Plaintiff's breach of contract and breach of warranty claims arise from the interpretation of the agreement, the undersigned recommends the choice of law provision, unless found to be unenforceable, applies to those claims. On the other hand, Plaintiff's

tort claims of fraud, fraudulent inducement, fraudulent misrepresentation, fraudulent concealment, theft, conversion, and intentional tort, and statutory claim of violations of the DTPA, are separate from the parties' agreement and its interpretation, so the undersigned recommends the choice of law provision does not govern them. *See Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir. 2004) ("The state's law specified by the choice of law clause is applied only to those claims pertaining to the instrument.").

  **B.** **The choice of law provision is enforceable under the Restatement, and Louisiana law applies to contractual claims.**

Having determined Plaintiff's breach of contract and warranty claims fall under the choice of law provision, the undersigned next evaluates Plaintiff's argument that the provision is unenforceable under the Restatement of Conflict of Laws § 187(2)(a) and (b), and recommends it is without merit.

Section 187(2)(a) does not preclude application of Louisiana law. Under § 187(2)(a), the parties will be held to their choice of law when "the state of the chosen law [has] a sufficiently close relationship to the parties and the contract to make the parties' choice reasonable," even when the relationship is not substantial. *Drennen*, 452 S.W.3d at 325 (quoting Restatement § 187 cmt. f). Here, Defendants are a Louisiana business entity and a Louisiana corporation. Accordingly, the parties had a reasonable basis for choosing Louisiana law to govern the interpretation of the contract. *See, e.g., Cardoni*, 805 F.3d at 581 (finding parties had a reasonable basis for agreeing Texas law would apply given that one party was headquartered in Texas, and § 187(2)(a) therefore did not preclude application of Texas law); *McKissock, LLC v. Martin*, No. EP-16-CV-400-

PRM, 2016 WL 8138815, at *4 (W.D. Tex. Nov. 10, 2016) (same, but regarding Pennsylvania law where one party was formerly headquartered in Pennsylvania).

However, even when a reasonable basis exists per § 187(2)(a) for selecting a state as the source of law governing a transaction, the parties' choice of law provision may still be unenforceable under § 187(2)(b). Whether it is enforceable under § 187(2)(b) must be analyzed pursuant to the three-step approach enunciated by the Texas Supreme Court and followed by the Fifth Circuit, which reverses the order of the § 187(2)(b) factors. The parties' selection does not control if another state:

> (1) has a more significant relationship with the parties and the transaction at issue than the chosen state does under Restatement § 188;
>
> (2) has a materially greater interest than the chosen state does in the enforceability of a given provision; and
>
> (3) has a fundamental policy that would be contravened by the application of the chosen state's law.

*Cardoni*, 805 F.3d at 582 (citing *Drennen,* 452 S.W.3d at 325-27).

Restatement § 188 demonstrates the concrete application of the "most significant relationship" test, as required by the first step in the above inquiry, in the context of contract disputes. This determination is made in light of the basic choice of law principles listed in § 6 of the Restatement and by examining the following factors in particular:

> (a) the place of contracting,
> (b) the place of negotiation of the contract,
> (c) the place of performance,
> (d) the location of the subject matter of the contract, and
> (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

*Cardoni*, 805 F.3d at 582 (quoting Restatement § 188(2)). These factors should be evaluated for their quality, not their quantity. *Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 312 (5th Cir. 2000); Restatement § 188(2) ("These contacts are to be evaluated according to their relative importance with respect to the particular issue.").

Although some contacts point equally to Texas and Louisiana, Texas has the dominant contacts. Plaintiff is a Texas limited liability company with its principal place of business in Texas, and Defendants are a Louisiana corporation and Louisiana business entity with their principal place of business in Louisiana. (D.E. 32, Page 1; D.E. 39, Page 11). The negotiation and execution of the contract took place in the parties' respective locales. (D.E. 38, Page 7; D.E. 39, Page 11). However, the place of performance and the location of the subject matter of the contract were in Texas. (D.E. 38, Page 7). Therefore, Texas has the "more significant relationship" with the transaction.

Next, the second step in the inquiry requires Plaintiff to show that Texas has a materially greater interest than Louisiana in the enforcement of the contract. Both states share a general interest in protecting the justifiable expectations of contracting parties. Louisiana has an interest in protecting a business headquartered in its state. On the other side, Texas has an interest in protecting a business and employees in its state. Texas has a further interest in regulating conduct that takes place largely within its borders. *Cardoni*, 805 F.3d at 585 (citing *DeSantis*, 793 S.W.2d at 679 (recognizing these as important state interests)). The interests of Texas and Louisiana in the enforceability of the contract are relatively equal. Therefore, the undersigned recommends Louisiana law

should apply to the breach of contract and warranty claims because Texas does not have a materially greater interest in the enforceability of the provision.

In the final step, the parties' choice of law should stand unless application of the chosen Louisiana law would contravene a fundamental policy of Texas. *Cardoni*, 805 F.3d at 585. The "application of the law of another state is not contrary to the fundamental policy of the forum merely because it leads to a different result than would obtain under the forum's law." *Id.* (quoting *DeSantis*, 793 S.W.2d at 680). Both states generally favor consumer protection. Regardless of whether Texas has the more significant relationship or a materially greater interest in the transaction, Plaintiff has not demonstrated how applying Louisiana law would violate a fundamental Texas policy.

Therefore, the undersigned recommends Plaintiff has not shown the choice of law provision is unenforceable under Restatement § 187 as to this contract dispute. The most basic policy of contract law is the protection of the justified expectations of the parties, and judicial respect for their choice advances this policy. *DeSantis*, 793 S.W.2d at 677. Accordingly, Plaintiff's claims that depend on the construction of the contract, including breach of contract and breach of warranty, should be governed by the parties' chosen Louisiana law.

### C. Texas has the most significant relationship to Plaintiff's extra-contractual claims, and Texas law applies to those claims.

Because the remainder of Plaintiff's claims are not governed by the choice of law provision, the Court must determine the applicable law for a given claim using the most significant relationship test. *Benchmark*, 343 F.3d at 727. Section 145 of the

Restatement of Conflict of Laws sets out the factors to be considered in applying the most significant relationship test to issues in tort,[1] and § 148 specifically addresses fraud and misrepresentation.[2] The undersigned considers these extra-contractual claims together as the analyses are similar.

As noted above, Plaintiff is a Texas corporation, principally serving Texas customers, and Plaintiff utilized Defendant's software in Texas, thereby placing the subject of the transaction and alleged injury in Texas. Defendants are a Louisiana corporation and business entity, with their principal place of business in Louisiana. Plaintiff asserts having received the misrepresentations in Texas, while Defendants respond that the purported misrepresentations were made in Louisiana. (D.E. 38, Page 12; D.E. 39, Page 11). Regarding the conversion and theft claims, Plaintiff's bank account is located in Texas. (38, Page 10). Additionally, "Texas has a significant interest in remedying civil injury to Texas citizens through tort liability and also in defining the outer limits of tort liability." *Caton*, 896 F.2d at 943. Because Plaintiff's alleged injury occurred in Texas, in addition to Texas' interest in protecting its citizens through tort liability, the undersigned recommends the balance tips in Texas' favor and the tort claims and those arising under the DTPA should be governed by Texas law.

---

[1] (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws § 145(2) (1971).

[2] (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations, (b) the place where the plaintiff received the representations, (c) the place where the defendant made the representations, (d) the domicil, residence, nationality, place of incorporation and place of business of the parties, (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant. Restatement (Second) of Conflict of Laws § 148(2) (1971).

## V. RECOMMENDATION

For the reasons stated above, the undersigned recommends the applicable choice of law is Louisiana for Plaintiff's breach of contract and warranty claims, and Texas law for Plaintiff's tort and statutory claims.

Respectfully submitted this 15th day of December, 2017.

                                                Jason B. Libby
                                    United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).